UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dubow Textile, Inc., | Civil No. 18-2963 (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Western Specialized, Inc., Total Logistics Corp., and Twin Cities Logistics I, Inc., | |
| Defendants.[1] | |

This matter is before the Court on Plaintiff Dubow Textile Inc.'s motion in limine to exclude the expert testimony of Geoffrey Jillson ("Jillson") (Doc. No. 131), and Defendant Western Specialized Inc.'s motion in limine to prohibit Scott Hopper ("Hopper") from testifying regarding his opinion as to: (1) the cause of any damage to the printer at issue in this case; and (2) the market value of the printer at the time of its damage (Doc. No. 151).[2]

---

[1] Defendants Total Logistics Corp. and Twin Cities Logistics I, Inc. were dismissed from this matter pursuant to stipulations with Dubow.  (*See* Doc. Nos. 51, 112.)

[2] During the pretrial conference on September 15, 2021, the Court requested additional briefing related to any limitation of Western's liability.  (Doc. No. 144.)  Because this matter is now a court trial (Doc. No .150), the Court will not rule in advance on the issue but will consider the submissions already filed) in addition to any argument made during trial.

**ORDER**

1. Plaintiff's motion to exclude the expert testimony of Geoffrey Jillson (Doc. No. [131]) is **DENIED**. The Court finds that Jillson's testimony survives its Article IV and Article VII analyses and is presumptively admissible. Specifically, the Court finds that Jillson's method and opinion properly derive from his experience as an engineer, that his testimony will be helpful, and that factual challenges go to the weight and credibility of his testimony as opposed to its admissibility and may be properly examined on cross-examination.

2. Defendant's motion to prohibit Scott Hopper from testifying regarding his opinion as to: (1) the cause of any damage to the printer at issue in this case; and (2) the market value of the printer at the time of its damage (Doc. No. [151] is **GRANTED IN PART**. The Court finds that Plaintiff failed to timely or substantively disclose Hopper as an expert witness as required by the Court's Scheduling Order (Doc. No. [38]) and in violation of Fed. R. Civ. P. 26(a). The Court also finds that the failure to disclose was not substantially justified or harmless, particularly because causation and damages are crucial to the outcome of this case. Plaintiff had ample time to identify and disclose the subject matter on which Hopper was expected to present evidence and to provide a summary of the facts and opinions to which he was expected to testify. However, the Court also recognizes that Hopper's testimony presents a combination of expert and lay opinions, and that Hopper testified similarly in his 2019 deposition. There are also weight and credibility issues regarding his testimony as opposed to its admissibility.

In short, the Court finds that while Defendant was not blindsided by the opinions it now objects to, the opinions do pose some risk of prejudice. Therefore, the Court will provisionally admit Hopper's opinions, but will also allow Defendant's expert, Geoffrey Jillson, to testify in rebuttal. After hearing all of the testimony, the Court reserves the right to revisit this issue with input from respective counsel.

Dated: September 24, 2021                     s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge